IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| KEVIN C. BETSKOFF, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 22-cv-00456-LKG |
| ) | |
| v. ) | Dated: July 6, 2023 |
| ) | |
| STANDARD GUARANTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

Plaintiff *pro se*, Kevin C. Betskoff, brings this civil action against Defendant, Standard Guaranty Insurance Company ("Standard"), alleging that Standard wrongfully denied his insurance claims, in violation of the Fair-Trade Commission Act, 28 U.S.C. § 2462 ("the FTC Act"), and Maryland law. *See generally* ECF No. 1. Standard has moved to dismiss the complaint or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b) and 56. *See* ECF No. 6. Standard's motion is fully briefed. ECF Nos. 6; 13; 14. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2021). For the reasons that follow, the Court (1) **GRANTS** Standard's motion to dismiss and (2) **DISMISSES** the complaint.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**[1]

**A.   Factual Background**

In this civil action, Plaintiff *pro se,* Kevin C. Betskoff, alleges that Standard wrongfully denied several insurance claims that he submitted to Standard between 2017 and 2019, which resulted in the foreclosure of his home in April 2019. *See* ECF No. 1. Plaintiff asserts the

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint and Defendant's motion to dismiss, or in the alternative, motion for summary judgment and the memorandum in support thereof.

following claims in the complaint: (1) Count I-declaratory judgment and injunctive relief; (2) Count II-violation of the Fair-Trade Commission Act; (3) Count III-breach of duty; (4) Count IV-bad faith dealing; (5) Count V-negligence; (6) Count VI-breach of the implied covenant of good faith and fair dealing; (7) Count VII-deceit; and (8) Count VIII-intentional infliction of emotional distress.  *Id.* at ¶¶ 39-72.  As relief, Plaintiff seeks, among other things, to recover monetary damages in the amount of $420,000 and punitive damages from Standard.  *Id.* at Prayer for Relief.

As background, Standard Guaranty Insurance Company is a Delaware Corporation with its principal place of business in Georgia.  *Id.* at ¶ 5.  Plaintiff is a resident of Maryland and he is the former owner of a personal residence that was insured by Standard.  *Id.* at ¶ 4.

During all times relevant to this case, Plaintiff owned and occupied a residential property located at 3423 Nottingham Road, Westminster, Maryland (the "Property"), which was encumbered by a mortgage.  ECF No. 6-1 at 5.  Under the terms of the mortgage for the Property, Plaintiff was required to maintain continuous homeowners' insurance for the Property.  *See* ECF No. 6-3; *see also* ECF No. 6-4.

It is undisputed that Plaintiff failed to maintain continuous homeowners' insurance for the Property.  ECF No. 6-1 at 5.  And so, the companies servicing Plaintiff's mortgage loan, J.P. Morgan Chase Bank, N.A., and Specialized Loan Servicing LLC, purchased a lender-placed insurance policy from Standard to protect their collateral interest in the Property, in the event of certain covered losses.  *Id*.

Plaintiff submitted several insurance claims to Standard regarding alleged damage to the Property that are relevant to this dispute.

First, Plaintiff alleges that, in February of 2014, pipes at the Property froze and burst, resulting in damage to the Property.  ECF No. 1 ¶ 13.  And so, Plaintiff submitted insurance claims to Standard for the resulting damage to the exterior and interior of the Property, which Standard denied.  *See* ECF No. 6-9.

Second, Plaintiff alleges that, beginning on or about February 22, 2016, and occurring several times thereafter, sewage overflowed into his bathroom at the Property.  ECF No. 1 ¶ 18.  And so, on April 29, 2016, Plaintiff filed an insurance claim with Standard with regards to the sewage overflow.  ECF No. 6-12 at 1.  On July 22, 2016, Standard partially denied this claim.  ECF No. 1 at ¶¶ 26-28.

Lastly, Plaintiff alleges that, on or about March 26, 2017, a pipe in the Property's basement burst and caused water damage to the Property. ECF No. 1 ¶¶ 29-38. And so, Plaintiff submitted an insurance claim with Standard to cover this damage on May 14, 2017. ECF No. 1 ¶ 33. Standard also denied this claim on May 19, 2017. *Id*.

It is undisputed that Plaintiff lost his home to foreclosure on April 4, 2019. ECF No. 13 at 10.

### B.    Procedural History

Plaintiff commenced this civil action on February 24, 2022. ECF No. 1. On May 27, 2022, Standard filed a motion to dismiss or, in the alternative, for summary judgment, pursuant to Fed. R. Civ. P. 12(b) and 56. ECF No. 6.

Plaintiff filed a response in opposition to Standard's motion on July 11, 2022. ECF No. 13. On July 25, 2022, Standard filed a reply. ECF No. 14.

Standard's dispositive motion having been fully briefed, the Court resolves the pending motion.

## III.    LEGAL STANDARDS

### A.  *Pro Se* Litigants

Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, No. 13-0478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations omitted). And so, if Plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

### B.    Jurisdiction And Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has

3

explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that a plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, the Court "regard[s] the pleadings as mere evidence on the issue[ ] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).  *Id.* (citation omitted).  And so, if the plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

### C.  Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible when "plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to plaintiff.  *Nemet Chevrolet, Inc. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted).  But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet*, 591 F.3d at 255.  And so, the Court should grant a motion to dismiss for failure to state a claim, if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II, L.P. v. Parker,* 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989)).

### D. Fed. R. Civ. P. 56

A motion for summary judgment, pursuant to Fed. R. Civ. P. 56, will be granted only if there exists no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And so, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co., Inc. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co., Ltd.*, 601 F.2d 139, 141 (4th Cir. 1979).

When ruling on a motion for summary judgment, the Court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962); *Gill v. Rollins Protective Servs. Co.*, 773 F.2d 592, 595 (4th Cir. 1985). In this regard, the moving party bears the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1339 (4th Cir. 1992). But, a party who bears the burden of proof on a particular claim must also factually support each element of his or her claim. *See Celotex Corp.*, 477 U.S. at 322-23. Given this, "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id.* at 323. And so, on those issues on which the nonmoving party will have the burden of proof, it is the nonmoving party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256.

### E. Maryland's General Statute Of Limitations

Lastly, under Maryland law, "a civil action at law shall be filed within three years from the date it accrues unless another provision of the Maryland Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc. 5-101. And so, generally, a three-year statute of limitations applies to civil claims brought in Maryland. *See id.* Relevant to this case, the statute of limitations for an insurance coverage dispute begins to run when an insurer notifies the insured of an allegedly wrongful denial of coverage. *Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 592-93 (D. Md. 2019).

## IV.   ANALYSIS

Standard has moved to dismiss this matter or, alternatively, for summary judgment in its favor, upon the grounds that: (1) Plaintiff's claims are time-barred under Maryland's general statute of limitations; (2) Plaintiff's claims are barred under the doctrine of *res judicata*; (3) the Court should dismiss Counts I and III-VII of the complaint, because Plaintiff has failed to satisfy certain statutory prerequisites by not exhausting his administrative remedies before bringing this action; and (4) the Court should dismiss Counts II and VIII of the complaint, because Plaintiff fails to state plausible intentional infliction of emotional distress and FTC Act claims in the complaint. *See* ECF No. 6-1.

Plaintiff counters that dismissal of his claims is not warranted because: (1) the claims in this action are not barred by the doctrine of *res judicata*; (2) he exhausted administrative remedies before bringing this action; and (3) the Court may consider his FTC Act claim. ECF No. 13 at 10. And so, Plaintiff requests that the Court deny Standard's motion.

For the reasons that follow, a careful reading of the complaint make clear that Plaintiff's state law claims for declaratory judgment and injunctive relief, breach of duty, bad faith dealing, negligence, breach of the implied covenant of good faith and fair dealing, deceit and intentional infliction of emotional distress are time-barred under Maryland's three-year statute of limitations. In addition, Plaintiff cannot bring a private action under the FTC Act. And so, the Court (1) **GRANTS** Standard's motion to dismiss and (2) **DISMISSES** the complaint.

### A.  Plaintiff's State Law Claims Are Time-Barred

As an initial matter, a careful reading of the complaint makes clear that Plaintiff's state law claims for declaratory judgment and injunctive relief, breach of duty, bad faith dealing, negligence, breach of the implied covenant of good faith and fair dealing, deceit and intentional infliction of emotional distress are untimely. These state law claims are subject to Maryland's general statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101

It is well-established that a civil action in Maryland must be filed within three years of the date when the cause of action accrues. *Id*. And so, in an insurance coverage case, such as this action, Maryland's three-year statute of limitations begins to run when an insurer notifies the insured of an allegedly wrongful denial of coverage. *Balt. Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 592-93 (D. Md. 2019).

In this case, Plaintiff alleges that Standard wrongfully denied his insurance claims in

6

2014; on December 9, 2016; and on May 19, 2017, respectively.  ECF No. 1 ¶¶ 16; 28; 33.  Given this, the latest date on which Plaintiff's claims in this action could have accrued is May 19, 2017, when Standard denied his most recent insurance claim.  And so, to be timely, Plaintiff's claims based upon the alleged wrongful denial of his insurance claims must have been filed no later than May 19, 2020.

Plaintiff filed this action on February 24, 2022, almost two years after the statute of limitations expired on his claims.  *See* ECF No. 1.  Given this, Plaintiff's state law claims based upon Standard's denial of his insurance claims are time-barred.[2]  And so, the Court GRANTS Standard's motion to dismiss Counts I, III, IV, V, VI, VII and VIII as time-barred.

### B.  Plaintiff Fails To State A Claim Under The FTC Act

The Court must also dismiss Plaintiff's remaining claim in this matter, which is brought pursuant to the FTC Act, because Plaintiff has no right to bring a private cause of action under that statute.[3]  As this Court has recognized, the FTC Act "states that it applies only to actions, suits, or proceedings instituted by the United States 'for the enforcement of any civil fine, penalty, or forfeiture.'"  *Gilbert v. Bangs*, 813 F. Supp. 2d 669, 675 (D. Md. 2011), *aff'd*, 481 F. App'x 52 (4th Cir. 2012) (quoting 28 U.S.C. § 2462).  Given this, Plaintiff cannot bring an action under this statute.  *J.R. v. Walgreens Boots All., Inc.*, No. 20-1767, 2021 WL 4859603, at *8 (4th Cir. Oct. 19, 2021).  And so, the Court also GRANTS Standard's motion to dismiss Count II of the complaint.  Fed. R. Civ. P. 12(b)(6).

Because the Court concludes that Counts I and III-VIII of the complaint are time-barred and that Plaintiff fails to state a plausible claim under the FTC Act in Count II of the complaint, the Court does not reach the remaining issues raised by Standard in its dispositive motion.

---

[2] Plaintiff's argument that these claims are timely, because the statute of limitations did not begin to run until the date of the foreclosure on the Property on April 4, 2019, is also belied by the allegations in the complaint.  ECF No. 13 at 10.  Plaintiff acknowledges in the complaint that he learned of the denial of his insurance claims no later than May 19, 2017.  ECF No. 1 at ¶ 33; *see also Cain v. Midland Funding, LLC*, 475 Md. 4, 50-52 (2021); *Duke St. Ltd. P'ship v. Bd. Of Cnty. Comm'rs of Calvert Cnty.*, 112 Md. App. 37, 52 (1996) (holding that "[w]hile there may have been continuing ill effects from the original alleged violation, there was not a series of acts or course of conduct . . . that would delay the accrual of a cause of action to a later date.").

[3] Plaintiff argues that his FTC Act claim is brought pursuant to 28 U.S.C. § 2462 and thus, timely, because a five-year statute of limitations applies to this claim.  ECF No. 13 at 10.

## V. CONCLUSION

In sum, Plaintiff's state law claims in this matter are time-barred and Plaintiff cannot bring an action under the FTC Act. And so, for the foregoing reasons, the Court:

1. **GRANTS** Standard's motion to dismiss or, alternatively, for summary judgment; and
2. **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge